**UNITED STATES of America,**
**Appellee,**

v.

**Judith Reinsdorf DOUGLAS, Appellant.**

**No. 74–2498.**

United States Court of Appeals,
Ninth Circuit.

Jan. 27, 1975.

George H. Spizzirri (argued), Las Vegas, Nev., for appellant.

Stuart Rudnick, United States Atty., (argued), Las Vegas, Nev., for appellee.

Before DUNIWAY and ELY, Circuit Judges, and SOLOMON, District Judge.*

## OPINION

ELY, Circuit Judge:

Douglas was convicted of having committed fraud by the use of a telephone in interstate commerce, an alleged violation of 18 U.S.C. § 1343. The trial was conducted by the district judge, upon stipulated facts and without jury.

Douglas was a subscriber to the services of the Central Telephone Company of Las Vegas, Nevada and, as such, was provided by the company with a telephone and an assigned number. Her fraudulent scheme involved the use of a mechanical device, commonly called a "blue box" in telephone parlance. The device, when attached to a subscriber's system, enables the telephone user to avoid the payment of charges for long-distance calls. To do this, the user dials the toll free "800" network and when reaching normally inoperative telephones on such network may activate telephone company switching equipment so as to reach the operative number that is actually desired.

The calls here involved were several from Nevada to Massachusetts and at least one reaching from Nevada to a telephone switching station in Oklahoma.[1] At oral argument counsel for appellant, with commendable candor, conceded that three of the contentions made in his brief are answered by our decision in United States v. Scaramuzzo, 505 F.2d 102 (9th Cir. 1974). These points are that section 1343 does not apply to schemes to defraud executed by means of telephonic communication, that the section is unconstitutionally vague, and that the section does not apply to the use of mechanical contrivances to obtain telephone service by fraud. Counsel, however, did not abandon these points as possible grounds for proceedings before a higher court. We adhere to Scaramuzzo.

The principal question before us is whether a search warrant, under which officers entered the appellant's home and discovered two "blue boxes" bearing her fingerprints, was valid. Douglas' argument is that the affidavit presented by an investigating officer in seeking the warrant was, on its face, insufficient to

---

* Honorable Gus J. Solomon, Senior United States District Judge, Portland, Oregon, sitting by designation.

1. These specific calls were those set forth in the affidavit offered in support of the application for a search warrant. However, the calls for which the appellant was convicted were calls made, by use of the "blue box," from Nevada to California.

justify the warrant's issuance. The warrant was issued by a United States Magistrate on May 24, 1973. On the same day, an employee of the telephone company, acting with the consent of his superiors, employed a monitoring device known as a TTS–176 further to investigate Douglas' use of her telephone. This device, capable of detecting multi-frequency tones produced by a "blue box" when being used by a subscriber, verified that a blue box was being used on the Douglas telephone. Incidentally, the monitoring device does not intercept verbal communications. In any event, since the warrant was issued prior to the use of the TTS–176, we ignore the information gained by the use of that device in reaching our conclusion with respect to the validity of the warrant.

The affidavit in support of the warrant was executed by Michael G. Simon, a Special Agent of the Federal Bureau of Investigation. Paragraph 4 of Agent Simon's affidavit reads:

> "On May 22, 1973, Mr. L. Roy Whitney, Plant Manager, Central Telephone Company, Las Vegas, Nevada, advised me that a search by Central Telephone Company had revealed that electronic devices were being used to circumvent Central Telephone Company's billing and record keeping machinery for long distance calls over telephone number 702–732–1843."

The quoted language, based upon hearsay and essentially conclusory and not specific, might not be sufficient, in and of itself, to justify the issuance of the warrant. However, paragraph 5 of Agent Simon's affidavit contains detailed accounts of legitimate disclosures. It recites that the records of Douglas' telephone number "show numerous calls" to an inoperative "800" telephone number in Massachusetts.

Paragraph 5 specifies the dates of certain calls to other inoperative "800" numbers in Massachusetts as well as to a similar number in Oklahoma. All of the calls, according to the affidavit, emanated from the Douglas telephone. Considering all of the foregoing, together with the fact that the affidavit reveals telephonic expertise in the accumulation of the affidavit's contents, we are convinced that the affidavit, in and of itself, established adequate probable cause for the issuance of the challenged warrant. This conclusion being dispositive of the appeal, we do not reach other issues raised by Douglas, the most interesting of which involves the question of whether 18 U.S.C. § 2511(2)(a)(i) can be harmonized with 47 U.S.C. § 605. 18 U.S.C. § 2511(2)(a)(i), authorizing a communication common carrier "to intercept, disclose, or use" a communication in order to protect its own interests, was enacted in 1968. The statute apparently tracks some of the contents of our court's previous opinion in Bubis v. United States, 384 F.2d 643 (9th Cir. 1967).

The judgment of conviction is affirmed.